[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 26, 2005**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 05-12165
Non-Argument Calendar

_____

Agency No. A75-328-027

DONALD SAMEDI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 26, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Donald Samedi, a native and citizen of Haiti, through counsel, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") order denying Samedi's motion to reopen and rescind an *in absentia* removal order. Because Samedi's removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), apply. On appeal, Samedi argues that the BIA erred in affirming the IJ's denial of his motion to reopen because he ordered removed in absentia without receiving proper notice of the November 13, 1997, hearing.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the Board adopts the IJ's reasoning, [this court] review[s] the IJ's decision as well." *Id.* Here, we will review both decisions because the BIA adopted the IJ's decision.

We review the denial of a motion to reopen for an abuse of discretion. *Lonyem v. U.S. Attorney Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation and citation omitted). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is

2

devoid of any reasoning, or contains only summary or conclusory statements."

*Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003) (persuasive authority) (quotations and citations omitted).

Any alien who, after written notice has been provided to the alien or the alien's counsel of record, does not attend a proceeding shall be ordered removed *in absentia* if the government establishes by "clear, unequivocal, and convincing evidence" it gave written notice and the alien is removable under the standards set forth in the INA. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). An *in absentia* removal order may be rescinded if (1) within 180 days after entry of the order, the alien moves to reopen and demonstrates that his failure to appear was because of exceptional circumstances, or (2) the alien moves to reopen at any time and demonstrates that he did not receive proper notice. INA § 240(b)(5)(C)(i) and (ii), 8 U.S.C. § 1229a(b)(5)(C)(i) and (ii). Exceptional circumstances include circumstances beyond the control of the alien, such as "serious illness of the alien," but do not include "less compelling circumstances." 8 U.S.C. § 1229a(e)(1).

To the extent that Samedi argues that his failure to appear at the November 13, 1997, hearing was due to exceptional circumstances, and thus relies on INA § 240(b)(5)(C)(i), the record shows that Samedi's second motion to reopen was

3

time-barred because he filed it more than 180 days after the IJ's decision. Additionally, because Samedi did receive proper notice of the November 13, 1997, hearing, the BIA did not abuse its discretion when it affirmed the IJ's denial of Samedi's motion to reopen pursuant to INA § 240(b)(5)(C)(ii).

After a careful review of the entire record, as well as the parties' respective briefs, we find no discernable error and hold that the BIA's decision affirming the IJ's ruling was not an abuse of discretion.

**PETITION DENIED.**